JOSEPH A. CARR, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Carr v. Commissioner
Docket No. 22550-94
United States Tax Court
T.C. Memo 1995-138; 1995 Tax Ct. Memo LEXIS 132; 69 T.C.M. (CCH) 2280; March 29, 1995, Filed *132 An order will be issued granting respondent's motion to dismiss for failure to state a claim, and decision will be entered for respondent. Joseph A. Carr, pro se. For respondent: Ronald J. Aiani
DAWSON, NAMEROFF
DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Larry L. Nameroff pursuant to section 7443A(b)(4) and Rules 180, 181, and 183. [1] The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE NAMEROFF, Special Trial Judge: This case is before us on respondent's Motion to Dismiss For Failure to State a Claim Upon Which Relief Can Be Granted or In The Alternative to Strike Petition. The Court, sua sponte, also considers whether to impose a penalty under section 6673. Respondent determined deficiencies *133 in, and additions to, petitioner's Federal income taxes, as follows: Additions to Tax Year
Deficiency
Sec. 6651(a)(1)
Sec. 6654(a)
1990
$ 75,990
$ 18,998
$ 4,993
1992
12,671
3,168
552
The adjustments giving rise to the above deficiencies and additions to tax are based upon the failure of petitioner to file Federal income tax returns and report income from the sale of real estate, interest, and other sources for the years in issue. Petitioner resided in Orange, California, at the time he filed his petition. Petitioner filed a petition with this Court on December 5, 1994, alleging a litany of substantially incomprehensible allegations that are frivolous in nature and represent baseless legal arguments and fallacious interpretations of law. Petitioner's basic contentions are that the United States is the taxpayer, the Department of the Treasury and the Federal Reserve Board are transferees of United States' assets, and that he, petitioner, is a transferee of a transferee with respect to "so called" income. He then alleges at great length various procedural flaws of respondent trying to collect from him as a transferee of a transferee. Other tax protester *134 allegations in the petition are: Petitioner, did in fact, receive full and adequate consideration for his fundamental labors. * * * Petitioner's receiving of property equity of equal value for fundamental labor was income from sources without the U.S. Government and not includible in "Gross Income" under Subtitle A of the I.R. Code since the gross income was not U.S. property, so petitioner's income is NOT within the jurisdiction of the U.S. Tax Court. * * * With regard to "wages," the only person who can be proven to be a "transferee" in the U.S. Tax Court is a Federal Government employee who might have U.S. Government property in his possession by virtue of an insufficient amount of "return of income" from the gain or profit portion derived from "wages" received for personal services performed for the U.S. Government he declares not to be a "transferee" with liability.
Petitioner fails to specifically set forth clear and concise assignments of error and statements of facts relating directly to the determination made in the notice of deficiency as required by Rule 34(b)(4) and (5). Subsequent to the filing of respondent's motion, the Court noted that it reviewed *135 the petition herein and agreed with respondent that the allegations are so-called tax protester allegations which have been repeatedly rejected by this Court and other courts. However, petitioner was permitted to file an objection to respondent's motion or, alternatively, an amended petition to set forth adequate assignments of errors and statements of facts respecting the merits of respondent's determinations. No objection or amended petition has been received from petitioner. In these circumstances no useful purpose would be served by affording the parties a further hearing in this matter. In her motion to dismiss, respondent contends that the petitioner fails to allege clear and concise assignments of error in respondent's deficiency determination in violation of Rule 34(b)(4). Further, respondent contends that the petitioner fails to allege clear and concise lettered statements of fact on which petitioner bases assignments of error in violation of Rule 34(b)(5). A dismissal for failure to state a claim is appropriate where petitioner raises no justiciable issues. See ; , *136 affd. without published opinion . Petitioner's contentions as to "taxpayer" and "transferee" are without any merit or authority. Therefore, we see no reason to refute these arguments with somber reasoning and copious citation of precedent. . The short answer to petitioner's arguments is that he is not exempt from Federal income tax. See . Petitioner has failed to raise any issue with regard to the amount of his income or deductions, or the correct amount of his tax liability, including the additions to tax. Accordingly, he has not raised any justiciable issues, and respondent's motion to dismiss will be granted. Section 6673 authorizes this Court to impose a penalty in favor of the United States in an amount not to exceed $ 25,000 whenever it appears that the taxpayer's position in a proceeding is frivolous, groundless, or instituted primarily for delay. Petitioner's contention that he is not a United States taxpayer is clearly frivolous and groundless. Accordingly, *137 we require petitioner to pay to the United States a penalty of $ 5,000 pursuant to section 6673. An order will be issued granting respondent's motion to dismiss for failure to state a claim, and decision will be entered for respondent. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩